# Eugene Loble, Appellant, *v.* The City of Philadelphia.

*Eminent domain—Leasehold interest—Appeals—Equity.*

Where land is taken by a city for public use, and the tenant of the land is awarded damages by the jury of view for only a portion of his term, his only remedy is by appeal from the award.

An owner of land, by a written agreement, leased the land to plaintiff for the term of five years. At the time the agreement was made, it was also agreed that plaintiff should have the exclusive right to an additional term of five years at the expiration of the first term, but by a mistake of the scrivener the right to the second term of five years was omitted from the writing. Before the expiration of the first five years the city condemned the land for a park, and the jury of view awarded damages to plaintiff for the unexpired portion of the first term, but refused to allow him damages for the second term. They awarded to the landowner damages for the fee. *Held,* that plaintiff had no standing to file a bill in equity against the landowner and the city for a reformation of the lease, but that his only remedy was by appeal from the award of the viewers.

Argued Jan. 22, 1896. Appeal, No. 187, July T., 1895, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1894, No. 534, sustaining demurrer to bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for the reformation of a written lease.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in sustaining demurrer to bill.

*F. C. Brewster, Jr., Wm. Hopple, Jr.,* with him, for appellant. —The mistake of a scrivener in preparing a deed or other writing, may be shown by parol evidence, and the instrument reformed accordingly: Huss v. Morris, 63 Pa. 367; Hamilton v. Asslin, 14 S. & R. 448; Gower v. Sterner, 2 Whart. 75; Farmers etc. Bank v. Fordyce, 1 Pa. 454; Chalfant v. Williams, 35 Pa. 212; Hyndman v. Hogsett, 111 Pa. 643; Schettiger v. Hopple, 3 Grant, 54; Gillespie v. Moore, 2 Johns. Ch. R. 598.

No court of equity should undertake to reform a written instrument, conveying title to property, in an essential matter, without having before it all the parties to be affected by the

proposed reformation. The city was not a party to the lease, but it will be affected by the decree: Wych v. Green, 32 Ga. 341; Philadelphia v. River Front R. R., 133 Pa. 134.

The plaintiff cannot be concluded by the intervention of the city, with any rights it may have, unless the city can establish that the award made by the viewers was a final determination of the damages to which he was entitled: Stroudsburg Bank v. LaBar, 7 Pa. C. C. 163; Smith v. Hood, 25 Pa. 218; Connellsville Borough v. Hogg, 156 Pa. 326; Second Street, 161 Pa. 571; Justice v. City, 36 W. N. C. 509.

*Francis L. Wayland,* assistant city solicitor, *John L. Kinsey,* city solicitor, with him, for appellee.—The city of Philadelphia was not directly or indirectly a party to the lease and the complainant's remedy, if any, must be against his lessor or the person by whom the defective lease was prepared.

The status of the city was affixed by the payment of the damages awarded to the complainant's landlord: Susquehanna Mut. Fire Ins. Co. v. Swank, 103 Pa. 17.

The complainant alleges no fraud in the preparation or execution of the lease, but rests his prayer for a decree of reformation solely upon a mistake of law.

OPINION BY MR. JUSTICE DEAN, March 2, 1896:

The undisputed facts in this case are these:—" The Germantown Maennerchor," on July 1, 1891, leased to Loble, the plaintiff, for the term of five years from that date, the whole of the first story of building 4940 Germantown avenue, as a bakery and confectionery; it was also, at the same time agreed, that Loble should have the exclusive right to an additional term of five years at the expiration of the first term; by mistake of scrivener, this right to the second term of five years was omitted from the writing, but both parties to the lease admit it was one of the stipulations to be inserted.

Under an ordinance of October 22, 1891, the city took possession of the premises for public use as a part of Vernon Park. The jury of view to assess the damages, on August 10, 1893, awarded to Loble $2,000, being the estimated value of the remaining years of the first five years term, and to his landlord, the Maennerchor Society, for the fee in the land, $16,500. The

plaintiff asked the viewers to award to him damages as for the remainder of a term of ten years instead of five; this they declined to do, considering they had nothing to do with reforming the writing; so the award was made to the landlord, as if the fee were burdened with a lease only three years to run instead of eight.

The city appealed from both awards, but afterwards paid the Maennerchor Society the $16,500. The plaintiff then filed this bill in equity against the city and the society, setting out the facts, and praying that the lease be reformed so as to accord with the true intent of the parties.

The city demurred to the bill on the ground that it was improperly joined as a party, and further, because the award was in full for all damages to the entire estate, including the unexpired tenancy of five years and the value of the fee.

The court below sustained the demurrer and dismissed the bill; from this, plaintiff appeals.

The city, under its right of eminent domain appropriated the property for public use, and thereupon the owners were entitled to "just compensation." The amount of compensation, and to whom payable, are to be determined in the same manner as in the appropriation of land for streets and highways. The complaint of this bill is, in substance, that the viewers awarded plaintiff less compensation for his lease than was just; in the report they give as a reason for disregarding his claim for a longer term, that he asked them to reform his lease, which they were of opinion they had no power to do. Whether the reason be good or bad, plaintiff's remedy was by appeal from the award to the common pleas. The statutory remedy is ample. Whether he was awarded less than he claimed, because the viewers considered the claim exceeded just compensation, or because they refused to consider his term a longer one than the first five years, in either case equity is without jurisdiction to correct the alleged error, when the statute expressly provides a remedy. The viewers, it would seem, awarded the full value of the estate; from this award, as before noticed, the city appealed in both cases; in the case of this plaintiff, the appeal is yet undetermined. There is nothing to prevent its trial.

The city, being no party to the agreement, could not reform it; nor would equity enter such decree. It is not the case of a

purchaser of the legal title, with notice of an outstanding one, from the same grantor, legal or equitable. The city appropriated the land, including all interest in it, legal and equitable; it is required, only, to make just compensation therefor, when those to whom it is payable are determined in the statutory mode. We express no opinion as to the merits of the case now pending in the common pleas.

The decree of the court below is affirmed, and the appeal dismissed.